IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

---

### WESTERN DISTRICT.
### ALEXANDRIA, OCTOBER, 1836.

---

STAFFORD ET UX. *vs.* VILLAIN ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

Where a will is in the mystic form, and it does not state in the superscription on the envelope that the paper containing the will was either closed, sealed or presented by the testatrix to the notary, it will be considered as defective and null, as not possessing the formalities required by law.

All the formalities required by law in making wills must be complied with, on pain of nullity.

The presence of the under tutor is indispensable at a family meeting provoked to deliberate on the expediency of a sale of minor's property, or of the separate property of a deceased partner of the community in which minors are interested.

The sale and purchase by the surviving widow, of the community and separate property of the deceased husband, is illegal and null when there was no under tutor present at the family meeting which advised the sale.

Where a tutor renders an account of his tutorship, even, contradictorily with the under tutor, the Court of Probates is not authorized to homologate it by a decree making it conclusive upon the minor, and to

WESTERN DIST.
*October*, 1836.

STAFFORD ET UX.
*vs.*
VILLAIN ET AL.

10L 319
45 878

10L 319
49 984

discharge the former from his responsibility. The court can in no case relieve and discharge a tutor while the law makes him responsible to his pupil.

The proceedings in the present case originated in a suit for the partition of the succession of Madame Celeste Rogers, deceased. The decedent had successively been the wife of N. Villain, E. Kirkland, and Mr. Rogers, all deceased. There were two children, Nicholas and Rose Emma Villain, by the first, Jeannette Kirkland by the second, and none by the last marriage.

In November, 1834, N. Villain instituted suit against his co-heirs, the sister and half sister, in the Probate Court for a partition of the common mother's succession. The action of partition was based on the will of Mrs. Rogers. One of the defendants, Jeannette, now wife of J. S. Stafford, by her counsel made opposition to a partition under the will, as unequal and unjust.

While these proceedings were pending, Stafford and wife filed their petition, alleging that Mrs. Stafford as one of the children was entitled to an equal share of Mrs. Rogers's succession, but that her co-heirs have set up an exclusive claim to one fifth of said estate under the will of the deceased; that said will is null and void, not having been opened and proved according to the provisions of law relating to mystic wills, nor has it been ordered to be executed by the proper authority.

The wife (Mrs. Stafford,) further alleges, that after the death of her father, Edward Kirkland, in 1825, her mother, (who subsequently intermarried with Mr. Rogers,) as widow in community and her natural tutrix, obtained a decree of the Probate Court in 1826, to sell all the property in community, at which sale she (widow) became the purchaser.

The wife further shows, that she was the sole heir of her father, Edward Kirkland, and inherited his half of the community and his separate property, and that he had brought into marriage a large property of his own in land and slaves, and at his death there was a large community property, all of which, under said decree, was purchased by

WESTERN DIST.
October, 1836.

STAFFORD ET UX.
vs
VILLAIN ET AL.

her mother. She expressly alleges, that all the proceedings in obtaining said decree are null and void, as also the decree itself and sale under it, which should be cancelled and annulled, and that she be restored to her rights in relation to all the movable and immovable property of her deceased father; that this property is now in the succession of her deceased mother, and forms the largest portion of that which is sought to be partitioned.

She further alleges, that the decree of the Probate Court in 1829, having for its basis the aforesaid proceedings, decree and sale, improperly and illegally homologated and confirmed the account rendered by her mother, as her natural tutrix, when she was about to marry her last husband. She expressly alleges, that said decree and the account which it purports to confirm and homologate, are null and void.

She prays that the will be declared null and void; that the proceedings under the decree of 1826, and the act in pursuance of it, be set aside; and that, in like manner, the subsequent decree confirming the account of her mother as her natural tutrix, be annulled and set aside, and that she have such judgment, and for such sum as may be just and proper in the premises.

The defendants pleaded a general denial.

The cause was tried on these pleadings and issues.

The evidence showed that Edward Kirkland, the husband of Mrs. Rogers and father of the present plaintiff, Mrs. Stafford, died in 1825; that his widow in community provoked a family meeting and probate sale of all the property of the community, and of every kind found in the succession, and became the purchaser thereof at the estimated value in the inventory. She was, at the same time, the tutrix of her minor child, Mrs. Stafford.

The family meeting which was convoked on the occasion, to advise the sale of this property, was held without an under tutor being appointed or present.

In 1828, the widow in contemplation of a third marriage, provoked the appointment of an under tutor, and contradictorily with him, rendered an account of her tutorship, which

41

WESTERN DIST. was homologated by a decree of the Probate Court, the 7th
October, 1836. January, 1829.    This account is opposed as unjust and
STAFFORD ET UX. illegal as regards the minor, Mrs. Stafford;  and the decree
*vs.* discharging the tutrix from further responsibility relating to
VILLAIN ET AL. her trust, is also denounced as a nullity.

. The will under consideration, by virtue of which the
children of the first marriage claim the ascendancy, and an
exclusive portion, is attacked on the ground of nullity result-
ing from defect of formality in the execution and probate.

The will is in the mystic form, written by a person at the
desire of the testatrix.    The superscription on the will reads
as follows :

"This paper contains my mystic testament, written by
J. B. Henno, at my request and under my direction, and
subscribed with my proper hand."

"CELESTE KIRKLAND."

"Witnesses, THOMAS HOOPER, S. FULTON, Y. CALLAHAN,
J. W. HACKWAY, JOHN CRAWFORD, JAMES STAPLETON,
J. J. GOUCH."

"THO. C. SCOTT, Parish Judge."

"*Probate.*    On this day, in open court, was presented the
mystic testament of Celeste Kirkland, deceased, and there-
upon came T. Hooper, S. Fulton, J. Stapleton and J. J.
Gouch, four of the subscribing witnesses to the super-
scription, who being duly sworn according to law, depose
and say, that they recognize the sealed packet now presented
to them to be the same that Mrs. Celeste Kirkland delivered
to Thomas C. Scott, Parish Judge, in their presence, declaring
to him that it contained her testament, and recognize their
signatures and that of the said Parish Judge at the last of
the superscription."

(Signed by the above witnesses.)

(Signed) "THO. C. SCOTT, Parish Judge."

"Whereupon the court proceeded to open said will, and the
same being read in an audible and distinct voice, and
signed *ne varieter* at the beginning and end of each page, in

presence of the said witnesses and other persons, it is ordered to be recorded and the provisions thereof executed ; and, it is further ordered, that this testament be deposited in the office of the Parish Judge of the Parish of Rapides." "Done in open court, this 6th day of December, 1829."

"THO. C. SCOTT, Parish Judge."

After hearing the evidence and arguments of counsel, the probate judge overruled and disallowed the petition of Stafford and wife, sustained the will and other probate proceedings sought to be annulled, and ordered the cause to a notary for a partition on the basis of the will and the decrees of the Probate Court, and ordered that the costs be paid by the succession of Mrs. Rogers. Stafford and wife appealed.

*Dunbar*, for the plaintiffs and appellants, contended that the probate sale of the property of E. Kirkland, and purchase by the widow in community, who was at the same time natural tutrix of her minor daughter, (the plaintiff,) was illegal and void. This succession consisted of the community and separate property of the deceased, which was inherited by the plaintiff as his sole heir, and could only be sold pursuant to the provisions of law. *Louisiana Code*, 302, 334–5.

2. The law guards the rights and interests of minors with a parental solicitude and care, and vitiates all proceedings where their interests are not strictly guarded and the law strictly pursued. In this case there was no under tutor appointed, and none present to represent the minor at the family meeting which advised the sale of Kirkland's succession. *Louisiana Code*, 300, 301, 302.

3. There was in fact no under tutor appointed to the minor from the death of Kirkland in 1825, until 1828. The family meeting was illegally convoked. The members were without legal notice ; many did not attend, and the judge supplied the places of those that were absent, which was not authorized as the law then stood. *Louisiana Code*, 305 to 311.

4. The community could only be sold to effect a partition or adjudication to the surviving partner. The requisites of the law have not been complied with, either for a partition or a sale to the survivor. *La. Code*, 338, *and also,* 1235 *to* 1239.

5. The tutrix could only have provoked this sale with the authority of the judge and by the advice of a family meeting, at which the under tutor must and should have been present. But the property ought to have been divided in kind, or it should have been shown to the judge by the report of experts, that it was impossible without a diminution in value. *Louisiana Code*, 1260–61.

6. The decree of the Probate Court, in 1828, homologating the tutrix's account and discharging her, is illegal, having been obtained on the basis of the other illegal proceedings. *Code of Practice*, 604 *to* 616.

7. The under tutor had no right to institute a suit against the tutrix and compel her to account. *His duty is to defend suits;* but, at any rate, had he provoked a settlement, the minor would not have been precluded by it, and prevented from calling her tutrix to account, at any time within four years after becoming of age.

8. There is one fatal error which pervades and vitiates the whole of these proceedings, from the decree of 1826 to 1828; and that is, the purchase of the separate property of Kirkland which was inherited by her pupil and daughter. A tutrix, or tutor, is positively forbidden to purchase the property of the minor. *Louisiana Code, article* 327.

9. The property of minors cannot be alienated in any other mode than that prescribed by law. 1 *Martin, N. S.,* 324. 2 *Ibid.,* 612. 5 *Ibid.,* 625. 2 *Louisiana Reports,* 328.

10. The mystic will of Mrs. Rogers (then Mrs. Kirkland,) is null; because the formalities prescribed by law have not been complied with. There was no *procès verbal* or act of superscription made by the notary on the paper or envelope enclosing the will, stating that it was closed and sealed before it was handed to the notary. Every formality must be complied with, under pain of nullity. *Louisiana Code,* 1577–8, *and* 1588.

11. The basis of the partition must allow the plaintiff (Mrs. Stafford,) all the separate property of her father, and its increase and revenues. 2. One half of the community property, its increase and revenues, from the death of her father. 3. The increased value of the separate property arising during the marriage. *La. Code*, 2371, 2375, 2377.

12. The mother, while tutrix, and, indeed, after dissolution of marriage, is not entitled to the usufruct of the property of the minor. *Louisiana Code*, 239, 267, 338, 532, 518, 3285.

*Spaulding* and *Winn*, for the appellees, contended, that the will of the deceased, Mrs. Rogers, was valid, as having been made in accordance with the formalities of law, and regularly admitted to probate, and ordered to be executed. Its provisions should, therefore, be carried into effect, and made the basis of the partition of the testator's estate. *Louisiana Code, articles* 1577–78, 1648. *Code of Practice,* 940–41.

2. The proceedings of the family meeting, and the decree of the Probate Court ordering the sale of all the community and other property of the succession of E. Kirkland, are legal and regular, except the absence of the under tutor from the family meeting, but they cannot be annulled or set aside for want of this formality. The Act of 1811, and the Civil Code of 1808, requiring the presence of an under tutor when the immovable property of minors is to be sold, are repealed by the Louisiana Code and the great repealing act of 1828. That the provisions of the Louisiana Code, requiring the presence of an under tutor at some family meetings and not at others, shows that his presence is not indispensable, upon the principle, that *inclusio unius est exclusio alterius.* The interest of the minor and tutrix did not conflict as respects the sale of this property, so as to require the advice of an under tutor at a family meeting. To have required it would have been perfectly useless, and *lex neminem cogit advana aut utile.* *Session's Acts of* 1828. *Civil Code of* 1808, *article* 58, *page* 68. *Louisiana Code,* 301, 334–38.

3. There is no law denouncing a sale of minors' property as a nullity, if made without the advice of an under tutor at

WESTERN DIST.
October, 1836.

STAFFORD ET UX.
*vs.*
VILLAIN ET AL.

the family meeting which authorized it. The court should then be slow to rescind and annul a decree and sale of ten years standing, made by a competent tribunal on the *implied* defect, and doubtful at least if it be one.

4. The ultimate object of the decree of 1826 was to effect a partition, which, in fact, supersedes the necessity of complying strictly with the ordinary forms of alienating minors' property. *Louisiana Code*, 339, 1263. *Civil Code, article* 67, *page* 70. 8 *Louisiana Reports*, 179. 7 *Ibid.*, 312. 2 *Martin*, 185.

5. By the decree of the Probate Court of 1828, the mother and natural tutrix of the minor, on rendering an account of her tutorship, it was homologated, and she released from further responsibility. This account had been regularly provoked by an under tutor, by whom the minor was represented, and which was deemed satisfactory by the judge, and homologated contradictorily with the under tutor. This was fulfilling the requisites of the law, and the minor must abide by them.

6. The decree settled the amount due to the minor, and for which the tutrix was responsible, which concludes the former, and she cannot now, after having received the price, recover the property also. It stands as *res judicata* against her. 2 *Martin, N. S.*, 612. 5 *Ibid*, 625.

7. The action of nullity cannot be sustained by minors against proceedings in which they have been properly represented. *Session's Acts of* 1826. *Code of Practice*, 516.

*Hyams*, for the plaintiff, urged, as an additional ground to sustain the action of nullity, that the judgment homologating the tutrix's account in 1828, was rendered on false documents or erroneous accounts. This part of the proceedings must be set aside on these grounds. *Code of Practice*, 607. 7 *Martin, N. S.*, 605.

2. The plaintiff, while a minor, could not institute a suit against her tutrix, even to compel her to account, for she was then under the control of her parent. She is, therefore, not bound by that account, or decree homologating it. *Code of Practice*, 104.

*Winn*, for the defendants, insisted, that the judge could order a tutor or tutrix to account at any time, and he was to judge of the correctness of the account when made. Being satisfied that it was correct, it was his duty to homologate it. *Louisiana Code*, 350.

2. The tutor is liable to be removed if he fails to render an account when required to do so by the judge. If the minor's interest has not been properly guarded or defended, this fact should have been specially alleged and shown, and relief sought by an appeal from the decision of the probate judge, and not by an action of nullity.

*Martin, J.,* delivered the opinion of the court.

Nicholas Villain instituted suit against his co-heirs, who are all the children of Celeste Rogers, deceased, by several marriages, for the partition of her' succession. Josiah S. Stafford and wife, filed their opposition thereto. Mrs. Stafford, one of the defendants, was the daughter of the deceased ancestress; half sister, both of the plaintiff and her co-defendant, and sole issue of the second marriage of their common mother. An order was made referring the case to a notary for partition.

Stafford and wife filed their petition, alleging the nullity of the last will and testament of the mother, which was urged as the basis of the partition, and the illegal purchase by the mother of all the property in community which had existed between her and her deceased husband, Edward Kirkland, as well as of the separate property of the latter, and likewise the illegality of the decree homologating the account of the mother and tutrix of her minor daughter, Mrs. Stafford. The petition then concludes with a prayer that the will, the purchase of the mother at the probate sale, and the decree of the Court of Probates, be anulled and set aside. To this petition the defendants pleaded the general issue.

The order which had been made in the first suit, for the partition before the notary, was rescinded, and the suits were consolidated.

WESTERN DIST.
*October*, 1836.

STAFFORD ET UX.
*vs.*
VILLAIN ET AL.

Where a will is in the mystic form, and it does not state in the superscription on the envelope, that the paper containing the will was either closed, sealed or presented by the testatrix to the notary, it will be considered as defective and null, as not possessing the formalities required by law.

All the formalities required by law in making wills, must be complied with on pain of nullity.

The presence of the under tutor is indispensable at a family meeting provoked to deliberate on the expediency of a sale of minors' property, or of the separate property of a deceased partner of the community in which minors are interested.

The purchase by the surviving widow of the community and separate property of the deceased husband, is illegal and null, when there was no under tutor present at the family meeting, which advised the sale.

The Court of Probates overruled the opposition and set aside the partition of Stafford and wife, and referred the case to a notary for a partition according to the will and inventory. Stafford and wife appealed.

The first object to which our attention is drawn, is the alleged invalidity of the will of Celeste Rogers. The counsel for the appellants contends that the Court of Probates erred in sustaining this will. It is in the mystic form; and nothing appears on the envelope which shows that the paper containing the will was either closed, sealed, or presented by the testatrix to the notary. The superscription states only that the paper contains the mystic will of the testatrix, written at her request and under her direction, and subscribed with her proper hand.

It is clear that the formalities required by law were not observed, and the will was improperly sustained. *Louisiana Code*, 1577, 1578. The Code requires the observance of these formalities, under the pain of nullity. *Ibid.*, 1588.

The next object presented for our consideration, is the validity of the purchase made by the mother of the property of the community, and that of the separate estate of her deceased husband. Under this head, the counsel of the appellants urges the illegality of the proceedings which preceded the decree under which the sale was made, and the consequent nullity of the decree itself. The illegality of these proceedings is shown to result from the absence of an under tutor at the family meeting convoked to deliberate on the expediency of the sale. The presence of the under tutor is expressly required at such meetings, "for the purpose of advising; and when he is of opinion that the determination of the meeting is injurious to the interest of the minor, it is his duty to oppose the homologation of the proceedings." *Louisiana Code*, 302.

The illegality of the family meeting carries with it that of the decree bottomed upon its deliberation. *Sublato fundamento cadit opus.* Had the decree been legal, the purchase of the mother and tutrix under it, would, on that account alone, be illegal. *Louisiana Code, article* 327.

We are, in the next place, called upon to notice the decree of the Probate Court, rendered on the 7th January, 1829, homologating the account presented by the mother and tutrix of the plaintiff, Mrs. Stafford. This account was rendered contradictorily with an under tutor, the appointment of whom she had provoked two years after the death of her husband, and about a month before the rendition of her account.

Tutors under an order of the Court of Probates, must, and without it, may exhibit an account of their administration, and the court may make certain orders thereon, but nothing authorizes it to homologate such accounts, so as to render them conclusive and binding on the minor; for the law gives to the latter the right, until the expiration of a certain delay after he comes of age, to examine and contest all the accounts of his tutor. The court, therefore, can in no case relieve and discharge the tutor from his responsibility, as has been done in this case.

WESTERN DIST.
*October*, 1836.

STAFFORD ET UX,
*vs.*
VILLAIN ET AL.

Where a tutor renders an account of his tutorship, even contradictorily with the under tutor, the Court of Probates is not authorized to homologate it by a decree, making it conclusive upon the minor, and to discharge the former from his responsibility. The court can in no case relieve and discharge a tutor, while the law makes him responsible to his pupil.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed; and proceeding to give such judgment as in our opinion ought to have been given in the court below, it is ordered, adjudged and decreed, that the will of Celeste Rogers be annulled and set aside, as well as the decree of the Court of Probates of the 6th of February, 1826, ordering the sale of the property of the community which existed between the parents of the plaintiff, Jeannette Stafford, and the property of the separate estate of her father, and also the purchase thereof by the mother and tutrix, and likewise the decree of the 7th January, 1829, homologating the account presented by the tutrix, and discharging her from responsibility. It is further ordered, that this cause be remanded to the Court of Probates, to allow and set off to the appellant, Jeannette Stafford, the property of the separate estate of Edward Kirkland, deceased, and one half of that of the community which existed between him and his deceased wife, and to make partition of the other half of the community

42

and the separate property of Celeste Rogers, deceased, in equal portions, between Nicholas Villain, M. R. E. Villain, wife of Aaron Prescott, and Jeannette Kirkland, wife of Josiah S. Stafford, after having settled and allowed Mrs. Stafford's claim on the estate of her mother, as tutrix. The costs of the appeal to be paid by the appellees.